JUDGE LINDSAY
delivered the opinion op the court.
Cutsinger undertook, for the accommodation of Hickerson, to convey to Cook a pistol, of which the latter was the purchaser. He so carried the same about his person as to conceal it from the public view. He was indicted therefor under the provisions of the “ act to prohibit the carrying of concealed deadly weapons,” and upon trial was convicted and fined fifty dollars. He complains that the circuit court erred to his prejudice in refusing to instruct the jury, in effect, that if he was carrying the pistol for the purpose of delivering it to Cook, and not with the intention of using it as a weapon, they should find him not guilty. The language of the statute is *393 that “ if any person shall hereafter carry concealed any deadly weapon” he shall be fined, etc. It was the evident intention of the legislature to prevent, as far as possible, the pernicious habit of carrying upon the person deadly weapons for improper or unlawful purposes. They saw proper, in their wisdom, to provide that, except under certain circumstances, such weapons should not be carried concealed for any purpose whatever. Whether or not this inhibition is the best means by which to accomplish the end sought to be attained is not for us to determine. It is not an abuse of legislative discretion, and so long as the act remains upon the statute books of the state no person can without a violation of its provisions carry deadly weapons concealed about his person, even for a harmless purpose, in the particular manner against which the penalty is denounced, unless he comes within one of the three exceptions contained in section 2 of the act. It is not pretended that the appellant comes within either of these exceptions.
We perceive no available error in the action of the court below; wherefore its judgment must be affirmed.