PRESS HARPER V. THE STATE.

No. 19210. Delivered November 17, 1937.

The opinion states the case.

*T. D. Sansing,* of Linden, and *Carney & Carney,* of Atlanta, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is aggravated assault; the punishment, confinement in jail for six months.

It is charged in the complaint and information that the assault was committed with a knife, whereas the proof shows that the appellant used a razor. We are constrained to overrule appellant's contention that there is a fatal variance. We quote from 4th Words and Phrases, Third Edition, page 697, as follows:

"An indictment alleging assault with intent to kill by cutting the person injured with a 'knife' was sustained by proof that prosecuting witness was either cut with a knife or a razor; 'knife' being a generic term which would include 'razor,' meaning any instrument consisting of a thin blade of steel, and having a sharp edge for cutting fastened to a handle. May v. State, 162 S. W., 43, 44, 110 Ark. 432."

It is shown in bill of exception No. 2 that in his argument to the jury the county attorney stated that the witnesses for the State all agreed on the main details of what had happened on the occasion of the assault; and that there was no conflict in the record as to the facts. Further, counsel used language as follows: "The defendant has not denied—." Before the last sentence was concluded appellant's counsel objected and the court sustained the objection, instructing the jury not to consider said statement nor to consider as a circumstance against the appellant his failure to testify in the case. We think the bill of exception in its entirety shows a direct reference to the failure of the appellant to testify, and under the mandatory provisions of Art. 710, C. C. P., a reversal of the judgment of conviction must follow. See Jackson v. State, 87 S. W. (2d) 482.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

GRAVES, J., absent.