## Williams v. Commonwealth.

May 16, 1947.

Chester D. Adams, Judge.

Elwood Rosenbaum for appellant.

Eldon S. Dummit, Attorney General, and J. L. Hughett, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

Cleve Williams has been convicted of the crime of carrying concealed upon or about his person a deadly weapon other than an ordinary pocketknife, and sentenced to confinement in the state penitentiary for a term of three years. The evidence established that the accused was carrying a razor concealed in his coat pocket.

The evidence for the Commonwealth was to the effect that Williams forcibly took a purse containing about $44 from one Jake Green, and then drew the razor from his coat pocket and attempted to cut Green when the latter attempted to recover the money. Williams denied that he attacked Green with the razor, and testified that he had owned it for several years and was in the habit of carrying it on his person but carried it solely for the purpose of shaving. The Commonwealth introduced in rebuttal Dan Daugherty, a barber of Lexington. He identified the razor as his, and stated that it was taken from him three or four nights before appellant was arrested while he and appellant were together at a roadhouse about six miles from Lexington. It is argued on this appeal that a razor is not necessarily a deadly weapon within the contemplation of KRS 435.230, as amended by the 1946 General Assembly, and

that whether or not a razor is a deadly weapon within the meaning of that statute depends on the purpose for which it is carried. It is insisted that the question of the accused's intention in carrying the razor should have been submitted to the jury. Subsection (1) of section 435.230 of the Kentucky Revised Statutes reads:

"Any person, not expressly authorized by law, who carries concealed a deadly weapon, other than an ordinary pocket knife, on or about his person, or any person who sells a deadly weapon, other than an ordinary pocket knife, to a minor, shall be confined in the penitentiary for not less than two nor more than five years."

This statute, except for the penalty, has remained the same since long prior to 1892. In 1914 the General Assembly increased the penalty by requiring that one convicted for the first offense of carrying concealed a deadly weapon should be excluded from the right of suffrage for a period of two years, Chapter 21, Acts of 1914, but the offense remained a misdemeanor. Elkin v. Commonwealth, 269 Ky. 6, 106 S. W. 2d 83. At the 1946 session of the General Assembly the penalty was changed so as to make the offense a felony rather than a high misdemeanor. In Truax v. Commonwealth, 14 Ky. Law Rep. 299, decided in 1892, it was held that a razor is a deadly weapon within the meaning of the statute against carrying concealed a deadly weapon upon the person. In the opinion by presiding Judge Yost of the Superior Court it was said:

"That the legislature by this broad declaration intended to make it unlawful for the citizen to carry concealed any weapon which is or could be habitually so carried, and with which personal injury could be inflicted, save the one excepted, seems clear. That it was not intended to restrict this list to such weapons or instruments as are made and designated for offensive or defensive purposes, or for the destruction of life, seems equally clear.

"Counsel's contention that a razor could not come within the scope and purview of this law, though confessedly a most deadly weapon, because it was designed for a lawful purpose, is not well taken. When and while used, or intended for use, as an article of the toilet, it is not, nor need not be concealed, but the man who carries

it upon his person hidden from the public view, arms himself with a weapon deadly in its nature and merciless in its power to do harm, and is, in our opinion, as guilty of a violation of the law as he who so carries the pistol, dirk or the sling-shot. * * *

"Of course the purpose with which the razor in this case was, or might have been, carried, can have no bearing upon the result. To hold otherwise would emasculate the statute. If carried on or about the person innocently and lawfully, it must be carried openly. Carried concealed, the law is disregarded and the penalty should be inflicted, it matters not with what intention it was so carried."

Commonwealth v. Hart, 14 Ky. Law Rep. 862, is to the same effect.

In Cutsinger v. Commonwealth, 70 Ky. 392, decided in 1870, one Hickerson sold a pistol to Cook. The accused undertook, for the accommodation of Hickerson, to carry the pistol to the purchaser. He was indicted and convicted of carrying concealed a deadly weapon. He sought a reversal of the judgment on the ground that the circuit court erred in refusing to instruct the jury that if he was carrying the pistol for the purpose of delivering it to Cook and not with the intention of using it as a weapon they should find him not guilty. The court said:

"The language of the statute is that 'if any person shall hereafter carry concealed any deadly weapon' he shall be fined, etc. It was the evident intention of the legislature to prevent, as far as possible, the pernicious habit of carrying upon the person deadly weapons for improper or unlawful purposes. They saw proper, in their wisdom, to provide that, except under certain circumstances, such weapons should not be carried concealed for any purpose whatever. Whether or not this inhibition is the best means by which to accomplish the end sought to be attained is not for us to determine."

Cf. Commonwealth v. Puckett, 277 Ky. 131, 125 S. W. 2d 1011; Swincher v. Commonwealth, Ky., 72 S. W. 306.

When the Legislature changed the penalty so as to make the offense a felony instead of a misdemeanor, it

did so in the light of the construction that had been placed on the statute by the courts. It reenacted the former statute except as to the penalty. If the Legislature meant to exclude from the purview of the act razors or other kinds of deadly weapons when not carried for offensive or defensive purposes, it should have said so. Prior to 1946 the second offense was a felony, but no distinction as to the intention of the accused was made.

Judgment affirmed.