Opinion approved by the Court.

Antonio **ALMAREZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 28277.

Court of Criminal Appeals of Texas.

May 30, 1956.

J. G. Gonzalez, San Diego, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

Upon trial under an indictment charging him with the offense of assault with intent to murder one Pat Rodgers, appellant was found guilty of the offense of aggravated assault and the jury assessed his punishment at one year in jail.

The charge of the court submitted only the offense of aggravated assault and simple assault, and instructed the jury to acquit upon a finding that the assault was committed as a means of defense against an unlawful attack made upon him by Pat Rodgers.

Pat Rodgers testified that appellant, following an argument, struck Ernesto Rogers, his cousin, over the head with a beer bottle; that when he saw this he (Pat Rodgers) grabbed or struck appellant and they wound up on the floor; that after they were separated and were on their feet appellant struck him in the face with a knife.

There is other evidence from which the jury was authorized to find that the knife

with which appellant committed the assault was a quick opening knife; one equipped with a button which when pressed caused the blade, some four inches long, to fly open.

 We find no error in the admission of the evidence identifying and describing the knife thereafter shown to be that used by appellant and thrown into the cloak room or wash room after Rodgers was cut.

 Nor do we find merit in the complaint addressed to the remark of the judge in ruling upon the objection to said testimony when he inquired "Is that the knife that was used?"

The district attorney assured the court that the knife would be so identified by other testimony and it was.

 We know of no rule of law which would prevent the State from calling the prosecuting witness because his face bore a large scar from the knife wound inflicted upon him by appellant. If the appearance of the scar was aggravated by improper medical treatment, as suggested, appellant could have shown that fact. But the State was clearly entitled to call the witness and introduce his testimony.

 The contention that the evidence is insufficient to sustain a finding that the knife used in the assault was a deadly weapon is overruled. As used the knife with a four inch blade was sufficiently shown to be a deadly weapon.

In this connection we call attention to the fact that since the amendment of Art. 1147 Vernon's Ann.P.C. by the 54th Legislature in 1955, an assault made with any knife under circumstances not amounting to an intent to murder or maim, is ipso facto an aggravated assault.

The evidence sustains the conviction and we find no reversible error.

The judgment is affirmed.