ELBERT OTTO BRASWELL V. STATE

No. 32,355.  November 23, 1960

DAVIDSON, Judge, dissented.

*Hermes Nye*, Dallas, for appellant.

*Henry Wade*, Criminal District Attorney, *William D. Cox, Jr. Sam S. Stollenwerck, Ed Miller, Phil Burleson*, Assistants District Attorney, Dallas, and *Leon Douglas*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is aggravated assault; the punishment, six months in jail.

The only witness who testified before the jury was the 17-year-old prosecutrix named in the information. She testified that appellant came to her home and assaulted her by slapping her with his open hand several times, and assaulted her with a hunting knife.

The ground of aggravation alleged in the information was that the assault was made by an adult male upon a female. (Another ground of aggravation could have been alleged because of the use of a knife. Art. 1147 (10) V.A.P.C.)

The sole claim for reversal is the contention that the state did not prove that appellant was an adult male.

The prosecuting witness testified that appellant was 22 years old. She also testified that he was an adult male, and this testimony was not withdrawn from the jury.

The appellant relies heavily upon the conclusion that the wit-

ness accepted on cross-examination, namely, that she being only 17 years of age, it "would obviously be impossible" for her to say with certainty that the defendant was an adult male.

If the rule be that only an adult may testify that another is an adult, then the testimony of a 20-year-old that his parents or grandparents, or the parent or grandparent of another 20 year old, was over 21 years of age would be without probative value.

If appellant had not attained the full age of 21 years at the time he assaulted the girl, such fact could easily have been established, and the offense charged would have been reduced to simple assault.

The 17-year-old girl's testimony that appellant was an adult male was not without probative value, and the force of such testimony was increased by the absence of evidence to rebut it.

The judgment is affirmed.

DAVIDSON, Judge, (dissenting).

Being unable to agree to the affirmance of this case, I respectfully dissent.

The sole issue presented for review is whether the state proved that appellant was an "adult male" person.

There is no question but that the term "adult male" person, as used in the statute, means one who has attained the full age of twenty-one years. Waldrep v. State, 150 Tex. Cr. Rep. 175, 199 S.W. 2d 781; Valdez v. State, 156 Tex. Cr. R. 192, 240 S.W. 2d 320.

To make proof of the fact that appellant had attained the full age of twenty-one years, the state relied solely upon the testimony of the prosecutrix, who was seventeen years of age.

Upon the witness's direct examination she testified that appellant was twenty-two years of age and that she knew such fact of her own knowledge.

Upon cross-examination, however, the witness retracted or destroyed the effect of that statement when confronted with the fact that she was only seventeen years old and could not know,

of her own knowledge, that appellant was twenty-one years of age. This she did in the following testimony:

"Q. So of course you couldn't have known him more than 17 years, could you, if you are 17? A. No sir.

"Q. That would obviously be impossible. So you cannot say for a certainty that he is an adult male, of your own knowledge; certainly you have not known him 17 years—you haven't known him longer than 17 years, have you? A. No."

"Q. * * * That's all you have got, then, Paula Dean (the prosecuting witness,) is just a general impression that he is over 21, isn't that correct? A. Yes sir."

It is apparent that the testimony of the witness as to the age of the appellant went no further than being an expression of opinion. Such opinion-testimony is not deemed sufficient to establish as a fact that appellant had reached his twenty-first birthday when the alleged offense was committed.

Proof of the age of the accused can not be shown by general reputation. 18 Tex. Jur., Sec. 68, p. 136.

The facts fail to show appellant's guilt. The judgment ought to be reversed and the cause remanded.