## MELVIN S. DAWSON V. STATE

No. 33,162.   April 5, 1961
Appellant's Motion for Rehearing Overruled May 17, 1961

WOODLEY, Presiding Judge, absent.

*Lumpkin, Watson, Dunlap & Smith* (*Dean Dunlap,* of Counsel) Amarillo, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is the unlawfully carrying on or about his person a knife with a blade over five and one-half inches in length; the punishment, 60 days in jail.

Only a partial statement of facts is before us, and we therefore are in no position to pass upon the sufficiency of the evidence to support the conviction.

Appellant moved to quash the information on the ground that it failed to allege that the knife was manufactured for the purpose of offense or defense. An examination of Article 483, V.A.P.C., will reveal that such allegation is not essential when the length of the blade is stated. See Willson's Criminal Forms, 6th Ed. (1958 Pocket Part), Sec. 570.

Appellant next attacks the constitutionality of that portion of Article 483, supra, which makes it unlawful to carry on or about the person "a knife with a blade over five and one-half inches in length" on the ground that it is of such doubtful construction that it may not be understood. Reliance is had upon Ex parte Chernosky, 153 Tex. Cr. Rep. 52, 217 S.W. 2d 673, where this court held the phrase "without due caution or circumspection" to be so vague and indefinite as to render the statute inoperative because men of common intelligence must guess as to its meaning. There is nothing vague or indefinite in the description of a knife "with a blade over five and one-half inches in length" and no need to guess at its meaning.

Appellant further relies upon Spigener v. State, 166 Tex. Cr. Rep. 466, 314 S.W. 2d 832, where we held that the phrase "hand chain" is not well recognized and of such doubtful construction that it cannot be understood. We reiterate that such is not the case before us here. Attention is further called to the recent holding of this Court in Marney v. State, 168 Tex. Cr. Rep. 567, 330 S.W. 2d 623, wherein we held unconstitutional a statute which makes it unlawful to possess mercury without having in one's possession a bill of sale for the same. An entirely different question is here presented. The legislature has the power to regulate the wearing of arms with a view to prevent crime. Article I, Section 23, Constitution of Texas. Article 484, V.A.P.C., provides reasonable exemptions under which such arms may be carried, and therefore those provisions of Article 483 which are definite and certain are not unconstitutional.

The judgment is affirmed.