**Ruby Lee TERRELL, alias Velma Hope Cardriche, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 39455.**

Court of Criminal Appeals of Texas.

March 23, 1966.

William B. Portis, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and James A. Mosley, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is aggravated assault; the punishment assessed by the trial court without the intervention of a jury was 75 days in jail.

The State's evidence reflects that while the prosecutrix was enjoying a soft drink in the company of two companions at the Weeping Turnip Cafe in Harris County, she overheard the curses and violent language of one Annie Lee Dawson, who owed prosecutrix two dollars and who was sitting with appellant at a nearby table. The prosecutrix asked Annie Lee if she was talking about her, whereupon Annie Lee pulled a knife and started for her. At this juncture, another companion of appellant, Annette King, drew a pistol from her purse and snapped it at prosecutrix, without re-

sult. Prosecutrix then retreated into the kitchen of the cafe and pulled an unopened razor from her purse. The appellant followed with the gun she had taken from Annette and trained it on prosecutrix, ordering her to drop the unopened razor. Prosecutrix complied, and when she tried to escape, appellant picked up the razor, pursued her and cut her numerous times about the face and body.

Appellant, testifying in her own behalf, admitted the cutting, but stated that prosecutrix cut her with the razor first and thereafter hit her in the head with a full bottle of beer. She further stated that she did not have a pistol.

Appellant contends that the record fails to show serious bodily injury, that it also fails to show that the weapon used was a deadly weapon, and that the State failed to show that the assault was committed with a premeditated design and by the use of means calculated to inflict great bodily injury. The information here charged that appellant "did then and there with a knife under circumstances not amounting to an intent to murder or maim, in and upon Ruby Zeno, commit an aggravated assault and did then by means aforesaid attempt to cut and did cut the said Ruby Zeno."

Clearly the offense charged comes within the provisions of Article 1147(10) Vernon's Ann.P.C. and constitutes circumstances making the assault aggravated.

The word "knife" being a generic term includes a razor such as that used by appellant. Harper v. State, 133 Tex.Cr.R. 255, 110 S.W.2d 67.

The court having found against the appellant on the issue of self-defense and the evidence being sufficient to support the conviction, the judgment is affirmed.