Oscar Raymond **HOBBS**, Appellant,

v.

**The STATE of Texas**, Appellee.

No. 39754.

Court of Criminal Appeals of Texas.

Nov. 2, 1966.

M. S. Morgan, Houston, for appellant.

Tom Kenyon, Dist. Atty., Wallace N. Shaw, Asst. Dist. Atty., Angleton, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Commissioner.

Appellant was convicted under the provisions of Art. 483, Vernon's Ann.P.C., which make it unlawful for one to carry on or about his person "a knife with a blade over five and one half (5½) inches in length," and his punishment was assessed at a fine of $100.

Trial was before the court without a jury, upon appellant's plea of not guilty.

Judgment was rendered on February 2, 1966, with sentence pronounced thereon and notice of appeal given by appellant on February 22, 1966.

At the trial, Officer Gerald Grey testified that on the day in question he stopped and arrested the appellant on North Second Street in the city of Alvin for driving an automobile with a defective muffler. The officer stated that when he went to appellant's automobile he found a knife on the front seat by appellant, which knife he took from the vehicle. State's exhibit #1 was identified by the officer as the one found in the car and described by him as a 10½-inch one-blade knife with a 4½-inch handle and 6-inch blade.

Testifying as a witness in his own behalf, appellant denied that state's exhibit #1 was his knife and that it was in his automobile and removed by the officer at the time of his arrest. Appellant stated that he did have a hunting knife underneath the front seat of the car at the time of his arrest which he later discovered to be missing. Appellant further testified that he lived in the city of Houston and that on the day in question he had driven to Alvin to see a doctor and at the time he was stopped by the officer he was returning to his home in Houston.

We shall discuss the grounds of error urged in appellant's brief filed in the trial court and considered by the trial judge in refusing to grant a new trial.

It is first contended by appellant that if his automobile was searched by the officer it was without a search warrant and was therefore an illegal search.

The record reflects that when the knife (state's exhibit #1) was offered by the state, appellant made no objection to its admission in evidence. The knife having been admitted in evidence without objection, appellant is in no position to complain of the legality of the search. Williams v. State, 168 Tex.Cr.R. 643, 331 S.W.2d 214. It should be observed that if appellant had objected to the admission of the knife in evidence, such objection would not have been well taken, as it appears that the officer's search was incident to a lawful arrest and was therefore authorized. Art. 6701d, Sec. 153, Vernon's Ann.Civ.St.; Soileau v. State, 156 Tex.Cr.R. 544, 244 S.W.2d 224; Minor v. State, 153 Tex.Cr.R. 242, 219 S.W.2d 467.

The other ground of error of which appellant complains is that the evidence is insufficient to sustain the conviction. It is insisted that the evidence is insufficient to convict because the proof showed that he was a traveler, who is exempt from prosecution by Art. 484 of the Penal Code.

While appellant by his testimony sought to bring himself within the exception of the statute as a traveler, the trial judge was not bound to accept his testimony. Allen v. State, 158 Tex.Cr.R. 666, 259 S.W. 2d 225; Porter v. State, Tex.Cr.App., 388 S.W.2d 422. Further, the appellant did not show himself to be a traveler and within the exception of the statute. Wortham v. State, 95 Tex.Cr.R. 135, 252 S.W. 1063; Vogt v. State, 159 Tex.Cr.R. 211, 258 S.W. 2d 795, cert. denied, 346 U.S. 901, 74 S.Ct. 221, 98 L.Ed. 401.

It is also contended that the evidence is insufficient to convict because the state did not prove that the knife in question was manufactured or sold for the purpose of offense or defense as provided in Art. 483, supra.

We find no merit in such contention, as appellant was not prosecuted under the provisions of the statute referred to but under that portion of the statute which, as amended in 1957 by the 55th Legislature, Acts 1957, p. 806, Ch. 340, Sec. 1, made it unlawful to carry "a knife with a blade over five and one half (5½) inches in length." This portion of the statute as amended in 1957 has by this court been held to be constitutional. Dawson v. State, 171 Tex.Cr.R. 154, 346 S.W.2d 132.

Ramirez v. State, 153 Tex.Cr.R. 454, 221 S.W.2d 241, and Brito v. State, 162 Tex.Cr. R. 467, 286 S.W.2d 637, cited by appellant, are not here applicable, because these cases were decided prior to the 1957 amendment to Art. 483, supra, and were prosecutions for carrying a knife manufactured and sold for the purpose of offense or defense.

Appellant's exception to the court's action in refusing to grant a new trial on the ground of newly discovered evidence is not urged as a ground of error in his appellate brief and is therefore not before us for review. The exception is not such as should be reviewed as unassigned

error under Sec. 13 of Art. 40.09 of the 1965 Code, Vernon's Ann. C.C.P.

The judgment is affirmed.

Opinion approved by the Court.