**Walter VAUGHN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46625.**

Court of Criminal Appeals of Texas.

Oct. 24, 1973.

---

Stanley F. Swenson, Houston, for appellant.

Carol Vance, Dist. Atty., James C. Brough and Charles Cottingham, Asst.

Dist. Attys., Houston, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for carrying a prohibited weapon; the punishment, a fine of $100.00.

The appellant was charged with carrying on and about his person a knife with a blade more than five and one-half inches in length.

The evidence shows appellant was stopped by a police officer at approximately 1:30 p. m. on December 29, 1971, because the officer observed appellant's vehicle weaving across the center stripe of the roadway. After appellant had emerged from his vehicle, while the door was still open, the officer observed a machete laying on the floorboard of the vehicle. The officer seized the machete, and it was later introduced in evidence at the trial.[1] Proof was made that the machete had a handle and a blade thirty inches long, three inches wide, and was sharpened on one edge.

The appellant contends that the instrument for possession of which he was convicted; namely, a machete, is not a prohibited weapon within the meaning of the statute.

This Court has held that the word "knife" as used in Art. 483, Vernon's Ann.P.C.,[2] is a generic term, including a bayonet, Boles v. State, 416 S.W.2d 431 (Tex.Cr.App.1967), and a razor, Harper v. State, 133 Tex.Cr.R. 255, 110 S.W.2d 67 (1937). We hold that the term "knife"

---

1. At the trial, which was before a jury, the appellant's counsel specifically stated that no question concerning the arrest or the seizure of the machete was being raised.

2. The pertinent part of Art. 483, V.A.P.C. provides:

"Any person who shall carry on or about his person . . . a knife with a blade over five and one half (5½) inches in length . . . shall be punished by . . . ."

also includes "machete" within its meaning. Moreover, it is not necessary in a prosecution for possession of a knife with a blade over five and one-half inches in length that the State show the knife was manufactured or sold for purposes of offense or defense. Tijerina v. State, 410 S.W.2d 637 (Tex.Cr.App.1967); Hobbs v. State, 407 S.W.2d 791 (Tex.Cr.App.1966).

In Dawson v. State, 171 Tex.Cr.R. 154, 346 S.W.2d 132 (1961) this Court held that the statutory provision making it unlawful to carry a knife having a blade over five and one-half inches long is not unconstitutional because of vagueness.

In the cases of Brito v. State, 279 S.W. 2d 104 (Tex.Cr.App.1955) and Torres v. State, 309 S.W.2d 244 (Tex.Cr.App.1958), relied upon by the appellant, the defendants were charged with the offense of carrying a knife under the provisions of Art. 483, V.A.P.C. before it was amended to include "a knife with a blade over five and one half (5½) inches in length." See Hobbs v. State, supra.

The appellant's contention that a machete is not a prohibited weapon within the provisions of Art. 483, V.A.P.C. is overruled.

The remaining grounds of error complaining of the Court's charge and omissions therein present nothing for review because no written objections nor requested instructions were timely made. Oral objections dictated into the record do not preserve error. See Arts. 36.14; 36.15 and 36.19, V.A.C.C.P. and e. g., Garza v. State, 479 S.W.2d 294 (Tex.Cr.App.1972); Woods v. State, 479 S.W.2d 952 (Tex.Cr. App.1972) and Ross v. State, 486 S.W.2d 339 (Tex.Cr.App.1972).

The judgment is affirmed.

Opinion approved by the Court.