Johnny Robert WINDHAM, Appellant,

v.

The STATE of Texas, Appellee.

No. 50470.

Court of Criminal Appeals of Texas.

Nov. 26, 1975.

**112**

Keith Woodley, Comanche, for appellant.

Ed Paynter, Dist. Atty. and John Weeks, Asst. Dist. Atty., Abilene, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of aggravated assault which was committed on August 24, 1974; the jury assessed punishment of imprisonment in the Texas Department of Corrections for 2 years.

This record presents fundamental error of which we must take cognizance and review in the interest of justice under the provisions of Art. 40.09, Sec. 13, V.A.C.C.P. See *Harris v. State*, 522 S.W.2d 199 (Tex.Cr. App.1975). The charge which authorized the jury to find the appellant guilty of aggravated assault omitted one of the essential elements of the offense. Put another way, the charge permitted the jury to find the appellant guilty of aggravated assault under facts that would only support a conviction for simple assault. Cf. *Mendoza v. State*, 491 S.W.2d 888 (Tex.Cr.App.1973).

The appellant was prosecuted on a three count indictment; the first count alleges an attempt to murder; the second count alleges an aggravated assault by infliction of serious bodily injury; the third count alleges an aggravated assault by use of a deadly weapon. There was an attempt to instruct the jury on the theory presented by each count of the indictment. The jury by its verdict acquitted the appellant of the offense of attempted murder.

In one paragraph of the court's charge there was an attempt to instruct the jury on the law of aggravated assault. That paragraph authorized the jury to find the appellant guilty of aggravated assault on either theory presented, that is, by use of a deadly weapon or by infliction of serious bodily injury. The jury's verdict was general; it does not reflect upon which theory the jury found the appellant guilty. The paragraph of the charge referred to reads:

"Now if you find from the evidence beyond a reasonable doubt that on the occasion in question the Defendant, Johnny Robert Windham, did intentionally or knowingly or recklessly cause bodily injury to Jerry Turnbow by cutting him with a knife, but you further believe from the evidence, or you have a reasonable doubt thereof, that the Defendant did not intend to kill the said Jerry Turnbow, then you will find the Defendant guilty of an aggravated assault; or, if at the time and place aforesaid, you find from the evidence beyond a reasonable doubt that Defendant made an assault upon Jerry Turnbow by cutting him with a knife and inflicted upon him serious bodily injury, but you further find from the evidence that the Defendant did not intend to kill the said Jerry Turnbow, or if you have a reasonable doubt thereof, then you will find the Defendant guilty of an aggravated assault."

The second part of the charge—that part following the semi-colon—instructed the jury satisfactorily on the law of aggravated assault by the infliction of serious bodily injury, but the first part of the paragraph fails to correctly instruct the jury on the law of aggravated assault by the use of a deadly weapon.

Under the provisions of the former Penal Code an assault committed with a knife was ipso facto aggravated assault.[1] See *Almarez v. State,* 163 Tex.Cr.R. 268, 290 S.W.2d 676 (1956); *Braswell v. State,* 170 Tex.Cr.R. 243, 340 S.W.2d 302 (1960); *Terrell v. State,* 400 S.W.2d 566 (Tex.Cr.App.1966). However, under the new Penal Code an assault committed with a knife is not ipso facto aggravated assault.[2]

A knife is not a deadly weapon per se. *Abels v. State,* 489 S.W.2d 910 (Tex.Cr.App.1973); *Barnes v. State,* 172 Tex.Cr.R. 303, 356 S.W.2d 679 (1962).

Since the instruction submitted to the jury failed to require the jury to find that the knife used in this assault was a deadly weapon, it omitted an essential element of the offense of aggravated assault and permitted the jury to find the appellant guilty of aggravated assault without finding that the knife used was a deadly weapon.[3] See Art. 36.19, V.A.C.C.P.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.

DOUGLAS, J., not participating.

1. Art. 1147(10), V.A.P.C. (1925) as amended by Acts 1955, 54th Leg., p. 1143, ch. 430, Sec. 1, provides:
"An assault or battery becomes aggravated when committed under any of the following circumstances:
". . .
"(10) When committed with a knife under circumstances not amounting to an intent to murder or maim."

2. V.T.C.A. Penal Code, Sec. 22.02, provides:

"(a) A person commits an offense if he commits assault as defined in Section 22.-01 of this code and he:
"(1) causes serious bodily injury to another;
"(2) . . .
"(3) uses a deadly weapon."

3. See Morrison and Blackwell, New Penal Code Forms, Sec. C 22.02 C, pp. 201–203; 2 Branch's Ann.P.C. 3rd ed., Sec. 22.02, p. 188.