Kevin STOUT, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 1999–CA–000647–MR.

Court of Appeals of Kentucky.

Jan. 14, 2000.

Elizabeth Shaw, Richmond, KY, for Appellant.

A.B. Chandler, III, Attorney General, Paul D. Gilbert, Assistant Attorney General, Frankfort, KY, for Appellee.

Before: GUIDUGLI, JOHNSON and KNOPF, Judges.

*OPINION*

GUIDUGLI, Judge.

Kevin Stout appeals his conviction on charges of first-degree burglary (KRS 511.020), first-degree criminal mischief (KRS 512.020), theft by unlawful taking over $300 (KRS 514.030), and possession of burglar's tools (KRS 511.050). He was sentenced to a total of twelve years' imprisonment. Stout presents only one issue on appeal—whether or not a utility knife is a deadly weapon. We affirm.

On February 23, 1998, Stout was indicted by the Powell County Grand Jury on the above-stated charges. He pled not guilty and a jury trial was held on February 1, 1999. The facts are not in dispute. Officer Greg Connor testified that he found Stout hiding inside the Rogers' Hardware Store on January 3, 1998, at approximately 11:00 p.m. Entry had been gained by breaking out a plate glass window and a display case of knives had been broken and the knives placed into a trash container to facilitate removal. When the police found Stout hiding behind some boxes in the store, he had in his possession a pair of gloves, a screwdriver, pliers and a "razor box type knife that would lock in place." It is this "razor box type knife" that is the central issue of this appeal.

■ Stout contends that the item found in his possession is not a knife or a razor but rather a common tool used by carpet layers, carpenters, delivery persons, etc.

The trial court, on Stout's motion for a directed verdict, held otherwise:

> BY THE COURT: Well, the Court having examined the instrument, and having heard the evidence presented, finds that it could be used to slit someone's throat, or to inflict physical injury on somebody, especially since the blade locks, somewhat akin to a switchblade. So, the motion for a directed verdict is denied.

Officer Connor testified at trial that the item was a "razor box type knife that would lock in place." He also demonstrated to the jury how the instrument worked and stated that it was not a pocket knife or hunting knife [both of which are exempt from being considered deadly weapons under KRS 500.080(4) ]. In response to a question as to whether the item was a knife, he testified that it is considered a "razor/knife." Finally, the item itself was introduced into evidence by the Commonwealth, together with the gloves, screwdriver and pliers.

■ We agree with the trial court that the item in question, which Stout possessed on the night of his arrest inside the hardware store, was a knife. A knife is defined as "a cutting or stabbing instrument with a sharp blade, single-edged or double-edged, set in a handle." Webster's *New World Dictionary of the American Language*, 2nd Edition, 1978, 779. *See also, Ballentine's Law Dictionary*, 3rd Edition, 1969, p. 702; Am.Jur.2d, Volume 79, *Weapons and Firearms*, Volume 79, § 2. The trial court stated that the knife had "[a] three inch blade that is sharpened on one side, and then locks for stability, which ... could be used to cut flesh...." (Trial transcript, p. 145). Whether the particular instrument is or is not a deadly weapon should be determined by the court as a matter of law. *Hicks v. Commonwealth*, Ky., 550 S.W.2d 480, 481 (1977).

In *Williams v. Commonwealth*, Ky., 304 Ky. 761, 202 S.W.2d 408 (1947), the Court held a razor to be a deadly weapon when it stated:

"Counsel's contention that a razor could not come within the scope and purview of this law, though confessedly a most deadly weapon, because it was designed for a lawful purpose, is not well taken. When and while used, or intended for use, as an article of the toilet, it is not, nor need not be, concealed, but the man who carries it upon his person hidden from the public view, arms himself with a weapon deadly in its nature and merciless in its power to do harm, and is, in our opinion, as guilty of a violation of the law as he who so carries the pistol, dirk or the sling-shot."

\* \* \*

*Williams, Id.* at 409. Pursuant to KRS 500.080(4)(b) "any knife other than an ordinary pocket knife or hunting knife" is defined as a "deadly weapon." In the case *sub judice* we believe from the testimony and evidence presented the "razor knife" or "utility knife" or whatever term used to describe the instrument, it was in fact a knife as defined by statute. Although the item may be used as a tool under proper circumstances, when viewed under the circumstances of this case, there can be no other conclusion than it was a knife. In that Stout was armed with a deadly weapon when he burglarized the Rogers' Hardware Store he was guilty of burglary in the first degree (KRS 511.020).

For the foregoing reasons, we affirm the judgment and sentence entered by the Powell Circuit Court.

ALL CONCUR.