**Affirmed as Modified and Opinion Filed October 4, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-22-01282-CR

**JAMES ALEXANDER STUART, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 397th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. 074172**

## MEMORANDUM OPINION

Before Justices Nowell, Miskel, and Kennedy
Opinion by Justice Miskel

James Alexander Stuart appeals the trial court's final judgment convicting him of aggravated assault with a deadly weapon. The trial judge found Stuart guilty, that he used or exhibited a deadly weapon during the commission of the offense, the enhancements true, and assessed his punishment at twenty-six years of imprisonment. In his sole issue on appeal, Stuart argues the evidence is insufficient to support the trial judge's rejection of his self-defense claim. We conclude the evidence is sufficient to support Stuart's conviction and the trial judge's rejection of

his deadly-force, self-defense claim.  We also conclude the judgment contains errors.  The trial court's judgment is affirmed as modified.

## I.      Factual and Procedural Background

Stuart purchased an RV that he allowed his younger brother, John Stuart, to live in.  The RV was parked on property owned by another individual in exchange for rent.  Stuart also did some of his work at the property.  John was out of work and owed his brother money for various things including the rent that he sometimes paid on his brother's behalf.  Stuart claimed that John was unemployed and using drugs.

The brothers had a volatile relationship.  During one of their fights, Stuart slashed the RV screen door with his knife.  Then, at the end of July 2021, during another fight, John hit Stuart with a crepe myrtle stick, resulting in Stuart's ear being partially severed from his head and having to be sewn back on at the hospital.  Stuart claimed that he told the attending physician the laceration occurred when a branch fell off of a tree and hit him in the head because he was trying to protect his brother.

Seventeen days after Stuart's ear was injured, while he was working at the property, he had another argument with John over money.  Stuart had been drinking alcohol and was in his truck leaving the property while John was yelling at him.  Instead of driving away, Stuart backed up the truck and John grabbed a five-foot-long crepe myrtle stick from inside or near the RV.  Then, Stuart grabbed a machete from his truck bed and chased John.

Jason Weisz was returning home after attending a school event for his children when he saw a man later identified as Stuart jump over a fence holding a machete while chasing another man who was later identified as John who was holding a stick. Weisz saw Stuart swinging the machete at John who was trying to run away and yelling for Stuart to get away from him. A couple of times, John turned and swung at or hit Stuart with the stick. Weisz called 911 and waited for the police to arrive. When Stuart noticed Weisz, he put the machete away and walked toward Weisz's vehicle telling Weisz to get out and threatening to kill Weisz if he did not leave. Weisz "lifted his foot off the brake" and Stuart chased after him. Weisz has a personal security license and is a sworn peace officer so he told Stuart that he was an "officer." At that point, Stuart put his hands up and backed off.

When the police arrived, Stuart was in his truck trying to exit the driveway. The police instructed Stuart to get out of the truck but Stuart did not comply. John told his brother not to be ignorant and just step out of the truck. Ultimately, Stuart got out of the truck and the police observed that he smelled of alcohol and gasoline. The police also found a machete in the back of the truck.

Stuart was indicted for aggravated assault with a deadly weapon. During a bench trial, Stuart admitted that he chased John with the machete but denied swinging it at him, and he raised a self-defense claim. The trial judge found Stuart guilty and, during his oral rendition of judgment, expressly stated that he found the facts of case did not support Stuart's self-defense claim. Stuart also pleaded true to

having been convicted of the two prior felony offenses alleged to enhance his punishment, and the trial judge found them true and assessed Stuart's punishment at twenty-six years of imprisonment.

## II.     Sufficiency of the Evidence

In issue one, Stuart argues the evidence is insufficient to support the trial judge's rejection of his self-defense claim. He contends both that the State failed to meet its burden to disprove his self-defense claim and that the evidence was insufficient to support his conviction for aggravated assault with a deadly weapon. The State responds that the evidence showed that Stuart had a verbal argument with his brother that escalated to the point of Stuart chasing his brother while brandishing a machete as his brother tried to flee while swinging a stick to keep Stuart away, which is sufficient to support his conviction and the trial judge's rejection of his self-defense claim.

## A.     Standard of Review

Under the Due Process Clause, a criminal conviction must be based on legally sufficient evidence. *Braughton v. State*, 569 S.W.3d 592, 607 (Tex. Crim. App. 2018) (citing *Jackson v. Virginia*, 443 U.S. 307, 315–16 (1979)). In assessing the sufficiency of the evidence to support a criminal conviction, an appellate court considers all of the evidence in the light most favorable to the verdict to determine whether the jury was rationally justified in finding guilt beyond a reasonable doubt. *See Jackson*, 443 U.S. at 318–19; *Braughton*, 569 S.W.3d at 607–08. Similarly,

–4–

when reviewing the sufficiency of the evidence in the context of a self-defense issue, an appellate court considers whether, after viewing all the evidence in the light most favorable to the verdict, a reasonable fact-finder could have both: (1) found the essential elements of the offense beyond a reasonable doubt; and (2) found against the defendant on the defensive issue beyond a reasonable doubt. *Braughton*, 569 S.W.3d at 609. An appellate court does not look to whether the State presented sufficient evidence to refute the defendant's self-defense theory. *See id.*

An appellate court will consider all evidence when reviewing the sufficiency of the evidence, whether direct or circumstantial, properly or improperly admitted, or submitted by the prosecution or defense. *Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016). Further, an appellate court is required to defer to the fact-finder's credibility and weight determinations because the fact-finder is the sole judge of the witnesses' credibility and the weight assigned to their testimony. *See Jackson*, 443 U.S. at 319, 326; *Braughton*, 569 S.W.3d at 608. Although the parties may disagree about the logical inferences that flow from undisputed facts, where there are two permissible views of the evidence, the fact-finder's choice between them cannot be clearly erroneous. *Braughton*, 569 S.W.3d at 608.

## B. Applicable Law

A person commits aggravated assault if the person commits assault as defined in § 22.01 of the Texas Penal Code and either causes serious bodily injury to another, or uses or exhibits a deadly weapon during the commission of the assault. TEX.

–5–

PENAL CODE ANN. § 22.02(a). A person commits assault under § 22.01 if the person: (1) intentionally, knowingly, or recklessly causes bodily injury to another; (2) intentionally, knowingly, or recklessly threatens another with imminent bodily injury; or (3) intentionally or knowingly causes physical contact with another when the person knows or reasonably believes that the other will regard the contact as offensive or provocative. *Id.* § 22.01(a).

A "deadly weapon" is defined to include (1) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury, or (2) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury. *Id.* § 1.07(a)(17). A machete is a kind of knife. *See, e.g., Vaughn v. State*, 500 S.W.2d 510, 511-12 (Tex. Crim. App. 1973). A knife is not a deadly weapon per se. *Brown v. State*, 716 S.W.2d 939, 946 (Tex. Crim. App. 1986). However, in determining whether a weapon is deadly in its manner of use or intended manner of use, the defendant need not have actually inflicted harm on the victim. *Johnson v. State*, 509 S.W.3d 320, 323 (Tex. Crim. App. 2017). Instead, consideration is given to the words and other threatening actions by the defendant, including the defendant's proximity to the victim; the weapon's ability to inflict serious bodily injury or death, including the size, shape, and sharpness of the weapon; and the manner in which the defendant used the weapon. *Id.*

"Serious bodily injury" means bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ. PENAL § 1.07(a)(46); *Garcia v. State*, 667 S.W.3d 756, 762–63 (Tex. Crim. App. 2023). "Bodily injury" means physical pain, illness, or any impairment of physical condition. PENAL § 1.07(a)(8); *Garcia*, 667 S.W.3d at 762.

Self-defense is a justification in defense to prosecution under § 2.03 of the Texas Penal Code. *See* PENAL §§ 2.03, 9.02, 9.31, 9.32. A person is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force. *Id.* § 9.31(a). A "reasonable belief" is one that an ordinary and prudent man would hold in the same circumstances as the actor. *Id.* § 1.07(a)(42). The actor's belief that the force was immediately necessary is presumed to be reasonable if the actor did not provoke the person against whom the force was used and was not otherwise engaged in criminal activity. *See Id.* § 9.31(a)(2). But the use of force is not justified against another in response to verbal provocation alone. *See id.* § 9.31(b)(1).

A defendant has the initial burden to adduce some evidence that would support a rational finding in his favor on the defensive issue. *Braughton*, 569 S.W.3d at 608. If the defendant produces some evidence, the State has the burden of persuasion to disprove the raised defense. *Id.* This burden does not require the State to produce

evidence refuting the self-defense claim; rather, the burden requires the State to prove its case beyond a reasonable doubt. *Id.* Self-defense is an issue of fact to be determined by the fact-finder. *Id.* at 609. A verdict of guilty is an implicit finding rejecting the defendant's self-defense theory. *Id.* Defensive evidence that is merely consistent with the physical evidence at the scene of the alleged offense will not render the State's evidence insufficient because credibility determinations are solely within the fact-finder's province and the fact-finder is free to accept or reject the defensive evidence. *Id*.

**C.**     **The Evidence Was Sufficient to Support Stuart's Conviction and the Trial Judge's Rejection of His Self-Defense Claim.**

First, we review whether a reasonable fact-finder could have found the essential elements of assault beyond a reasonable doubt. The record shows that in response to John yelling at him, Stuart backed up his truck, got out of the vehicle, grabbed a machete from the truck bed, and chased John while swinging the machete at him while John was trying to run away and yelling for Stuart to get away from him. Weisz testified that Stuart was approximately a foot away from John when Stuart was swinging the machete at John while Stuart claimed that he was approximately five to six feet away from John at the time. *Johnson*, 509 S.W.3d at 323 (noting courts may consider defendant's proximity to victim when determining whether knife is deadly in its manner of use or intended manner of use). To the extent Weisz's and Stuart's testimony differed, we must defer to the trial judge's credibility and weight determinations. *See Jackson*, 443 U.S. at 319, 326;

*Braughton*, 569 S.W.3d at 608.  We conclude a rational fact-finder could have found that Stuart committed the offense of aggravated assault with a deadly weapon beyond a reasonable doubt.

Next, we review whether a reasonable fact-finder could have found against Stuart on his self-defense claim beyond a reasonable doubt.  Stuart acknowledges that there is inconsistency in the testimony about who was the initial aggressor— Stuart claimed that his brother got the stick before he grabbed the machete and John claimed that he grabbed the stick after Stuart got the machete.  He also argues that the evidence shows he acted reasonably because John had previously injured him with a stick, and it was undisputed that John suffered from mental health issues, and he often engaged in altercations with his brother who was usually the first aggressor.

The record shows that Stuart was in his truck leaving the property but, instead of driving away when John was yelling at him, backed up his truck, grabbed a machete from his truck bed, and chased John while swinging the machete at him. *See* PENAL § 9.31(b)(1) (use of force is not justified against another in response to verbal provocation alone).  Also, Weisz testified that he saw Stuart was chasing John with the machete, but he did not see John chase Stuart with the stick.  Although there was conflicting testimony as to whether Stuart grabbed the machete or John grabbed the stick first, we again note that we must defer to the trial judge's credibility and weight determinations. *See Jackson*, 443 U.S. at 319, 326; *Braughton*, 569 S.W.3d

at 608. We conclude a rational fact-finder could have rejected Stuart's self-defense claim.

We conclude a rational fact-finder could have found the essential elements of aggravated assault with a deadly weapon were proved beyond a reasonable doubt and also could have found against Stuart on his self-defense theory. Accordingly, we conclude the evidence is sufficient to support Stuart's aggravated assault conviction and the trial judge's rejection of his self-defense claim.

Issue one is decided against Stuart.

## III. Modification of the Judgment

Although neither party raises the issue, we observe that the record reveals errors in the judgment with respect to the statute for the offense and the availability of diligent participation credit under article 42A.559 of the Texas Code of Criminal Procedure. An appellate court has the authority to modify an incorrect judgment to make the record speak the truth when it has the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (adopting the reasoning in *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd) (en banc)).

The judgment incorrectly lists the statute for the offense as "22.02(2)(B)." The record shows that Stuart was indicted for the offense of aggravated assault with a deadly weapon which is second-degree felony under § 22.02(a)(2), (b) of the Texas

–10–

Penal Code. Accordingly, we conclude the trial court's judgment should be modified to state the correct statute—TEX. PENAL CODE ANN. § 22.02(a)(2), (b).

The judgment incorrectly states that Stuart is eligible for diligent participation credit under article 42A.559 of the Texas Code of Criminal Procedure. Stuart was convicted of aggravated assault with a deadly weapon which is a second-degree felony. *See* PENAL § 22.02(b). Article 42A.559 applies to state jail felonies. Accordingly, we conclude the trial court's judgment should be modified to state that this statutory provision is not applicable to Stuart.

## IV. Conclusion

The evidence was sufficient to support Stuart's conviction and the trial judge's rejection of his self-defense claim. Also, the trial judge erred when he signed a judgment with errors in it.

We modify the trial court's judgment as follows:

- "Statute for Offense: 22.02(2)(B)" is modified to read "Statute for Offense: TEX. PENAL CODE ANN. § 22.02(a)(2), (b)."

- *(FOR STATE JAIL FELONY OFFENSES ONLY)* Is Defendant presumptively entitled to diligent participation credit in accordance with Article 42A.559, Tex. Code Crim. Proc.? **YES**" is modified to read "*(FOR STATE JAIL FELONY OFFENSES ONLY)* Is Defendant presumptively entitled to diligent participation credit in accordance with Article 42A.559, Tex. Code Crim. Proc.? **N/A**."

The trial court's judgment is affirmed as modified. *See* TEX. R. APP. P. 43.2(b).

–11–

The trial court is directed to prepare a corrected judgment that reflects the modifications made in this Court's opinion and judgment in this case. *See Shumate v. State*, 649 S.W.3d 240, 244–45 (Tex. App.—Dallas 2021, no pet.).

The trial judge is also directed: (1) to order the district clerk to prepare and file a supplemental clerk's record containing the corrected judgment with this Court; (2) to provide the corrected judgment to the parties; and (3) to send the corrected judgment to the Texas Department of Criminal Justice.

221282f.u05
Do Not Publish
TEX. R. APP. P. 47

/Emily Miskel/
EMILY A. MISKEL
JUSTICE



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JAMES ALEXANDER STUART,
Appellant

No. 05-22-01282-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 397th Judicial
District Court, Grayson County,
Texas
Trial Court Cause No. 074172.
Opinion delivered by Justice Miskel.
Justices Nowell and Kennedy
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

- "<u>Statute for Offense</u>: 22.02(2)(B)" is modified to read "<u>Statute for Offense</u>: TEX. PENAL CODE ANN. § 22.02(a)(2), (b)."

- *(**FOR STATE JAIL FELONY OFFENSES ONLY**)* Is Defendant presumptively entitled to diligent participation credit in accordance with Article 42A.559, Tex. Code Crim. Proc.? **YES**" is modified to read "*(**FOR STATE JAIL FELONY OFFENSES ONLY**)* Is Defendant presumptively entitled to diligent participation credit in accordance with Article 42A.559, Tex. Code Crim. Proc.? **N/A**."

As **MODIFIED**, the judgment is **AFFIRMED**.

The trial court is **DIRECTED** to prepare a corrected judgment that reflects the modifications made in this Court's opinion and judgment in this case.

The trial judge is also **DIRECTED**: (1) to order the district clerk to prepare and file a supplemental clerk's record containing the corrected judgment with this Court; (2) to provide the corrected judgment to the parties; and (3) to send the corrected judgment to the Texas Department of Criminal Justice.

Judgment entered this 4th day of October, 2024.