TOM SPEARS v. THE STATE.

No. 12485. Delivered April 17, 1929.
Rehearing denied May 29, 1929.

The opinion states the case.

*Wear, Stollenwerck & Wear* of Hillsboro, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is unlawfully carrying a pistol; the punishment a fine of one hundred dollars.

Officers searched an automobile driven by appellant and found therein a pistol in the pocket of the door on the right hand side. At the time the search was made the car was parked on a street in front of a garage in the city of Hillsboro. Appellant was sitting on the left under the steering wheel and a companion, Nick Beavers, was sitting on the right side of the car near the door where the pistol was found. The day after the search was made appellant went to one of the officers and asked him how long it would be before he could get his pistol.

The sufficiency of the evidence is challenged, it being the contention of appellant that the proof fails to show that he was carrying a pistol on or about his person as alleged in the complaint and information. In short we understand appellant's position to be that Article 483 of our Penal Code does not make it an offense to carry a pistol in the pocket of an automobile. In support of his position appellant cites the case of Cathey v. State, 5 S. W. 137. There it was held that the statute did not make it an offense to

carry a pistol in a wagon. In the case of Welch v. State, 262 S. W. 485, the accused was driving a Ford touring car on a public road. Upon being searched a pistol was found in a hand bag which was on the floor of the car between the front and back seats. It was urged that the pistol was not "about" the person in contemplation of Article 483 P. C. In overruling the appellant's contention the court cited the following authorities: Garrett v. State, (Tex. Cr. App.) 25 S. W. 285; Hill v. State, 50 Tex. Cr. Rep. 619, 100 S. W. 384; Leonard v. State, 56 Tex. Cr. Rep. 84, 119 S. W. 98; Wagner v. State, 80 Tex. Cr. Rep. 66, 188 S. W. 1001; Mayfield v. State, 75 Tex. Cr. Rep. 103, 170 S. W. 308; Robertson v. State, 88 Tex. Cr. Rep. 587, 228 S. W. 236; Emerson v. State, 80 Tex. Cr. Rep. 354, 190 S. W. 485. Reference was made in the opinion to the fact that the following meaning of the word "about," as used in the statute, was adopted from the state's brief with approval in Wagner's case, supra, and again endorsed in Emerson's case, supra:

"The Legislature must have meant something when it used the words 'or about the person,' and on principle using the word 'about' in its ordinary meaning, taking into consideration the context and subject-matter relative to which it is employed, the word, not being specially defined, must, as we believe, be held to mean, within the pistol statute, near by, close at hand, convenient of access, and within such distance of the party so having it as that such party could without materially changing his position get his hand on it; otherwise every person having a vehicle would be authorized to keep prohibited weapons in his vehicle and within reach of his hand, ready for action. * * * "

After quoting from Wagner's case as above, Judge Hawkins said:

"It is not apparent why a pistol in a hand bag situated as was the one in the present case is not even more accessible than would be one under the seat or cushion of a buggy."

The conclusion was there reached that the evidence was sufficient to support the conviction.

Appellant objected to the testimony of the officers touching the result of the search of his car, the objection being that the search was without warrant and that facts and circumstances sufficient to constitute probable cause had not been shown. In the absence of the jury. The officers testified that they had been advised by credible persons that appellant and Nick Beavers were drunk; that Beavers

was displaying a pistol; and that said pistol was in appellant's car. These facts were sufficient to authorize a search without warrant. Article 487 P. C. provides:

"Any person violating any article of this chapter may be arrested without warrant by any peace officer and carried before the nearest justice of the peace. Any peace officer who shall fail or refuse to arrest such person on his own knowledge, or upon information from some reliable person, shall be fined not exceeding five hundred dollars."

We have made application of the provisions of this article in numerous cases. In the recent case of Salasar v. State, 1 S. W. (2d) 314, the view was expressed that the announcement of the decisions wherein such application was made presented no conflict with the recent cases in which the applicability of Article 727a C. C. P. has been discussed. In holding that the search in Salasar's case was legal, Judge Morrow, among other things, said:

"In other words the fact that the officer has personal knowledge or has received specific and credible information that the accused is carrying a pistol in violation of the law complies with the rule of the constitution demanding 'probable cause' as a predicate for the arrest. The statute in question (Article 487 supra) is conceived to be in line with the decisions of this court in Battle v. State, 105 Tex. Cr. Rep. 586, 290 S. W. 762; Odenthal v. State, 106 Tex. Cr. Rep. 1, 290 S. W. 743, and of the Supreme Court of the United States in the case of Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 791.

Bill of exception Number 6 presents the following occurrence: A witness in behalf of the state was asked upon direct examination the following question: "What, if any, conversation did you have with him?" It is stated in the bill that the question referred to a time after the offense was alleged to have occurred and after appellant had been arrested and released on bail. Appellant objected to the question on the ground that the conversation desired to be elicited occurred after the offense had been committed and would have no bearing on any issue in the case. The objection being overruled, the witness answered: "He asked me how long it would be before he could get his six-shooter." We are unable to agree with appellant that this testimony was irrelevant and immaterial. The fact that appellant asserted that the pistol in question belonged to him would tend to show that appellant was carrying the pistol at the time his car was searched.

We have carefully examined every contention made by appellant and fail to find reversible error.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We have carefully gone over and considered the motion for rehearing. The weight of the testimony is one of the things confided by statute to the jury. There is no dispute of the fact that in a car driven by appellant a pistol was found on the occasion in question. The fact that the pistol was found in the right-hand pocket of the car, and that another man was sitting beside appellant and nearer to the pocket in which the pistol was than appellant, and that some one had theretofore reported the fact that the man sitting nearest the pocket containing the pistol, had had said pistol in his hand, would not be deemed of sufficient weight to justify this court in overturning the deliberate verdict and judgment of the jury determining that the pistol was carried on and about the person of this appellant. The jury probably attached great weight to the fact that appellant said the pistol was his. They may not have deemed of much weight the proposition that the other man had it out in his hand while he and appellant were together in the car.

Being unable to agree with the contentions made in the motion for rehearing, same will be overruled.

*Overruled.*