JAMES TRACY SUMMERVILLE V. STATE

No. 28,996. May 1, 1957.

John P. Spiller, Houston, for appellant.

*Dan Walton*, District Attorney, *Thomas D. White*, Assistant District Attorney, Houston, and *Leon Douglas*, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is carrying a pistol; the punishment, a fine of $100.00.

The testimony of a regular and an auxiliary policeman of the city of Deer Park reflects that they observed an automobile violating certain traffic regulations, pursued it, and found the appellant to be the driver, and "three or four other people" riding in the automobile, in the glove compartment of which they found a pistol.

We need not pass upon the legality of the search of the automobile because we find the evidence insufficient to establish that the pistol was in the possession of the appellant. It was not shown to be his automobile, and the mere fact that he was driving an automobile in which there were other occupants would not be sufficient to charge him with knowledge that there was a pistol in the glove compartment or sufficient to establish that he had such pistol in his possession. An examination of Article 483, V.A.P.C., which denounces the offense herein charged will reveal that the legislature intended that in order to be guilty the accused must be shown to have the prohibited weapon in his immediate personal possession.

So far as this record is concerned, the pistol might just as easily have been the property of any other of the occupants of the automobile.

Finding the evidence insufficient to support the conviction, the judgment is reversed and the cause remanded.

WOODLEY, Judge, dissenting.

Three or four passengers riding in the car which appellant was driving "got out of the car staggering and falling and using abusive language and there was something wrong with them."

There is nothing in the record to suggest that either of these passengers owned or was in control of the automobile appellant was operating while being pursued by the officers.

Proof that the accused carried a pistol in the glove compartment of his car warrants his conviction of carrying on or about his person a pistol. Hutspeth v. State, 158 Texas Cr. Rep. 188, 254 S.W. 2d 130; Franklin v. State, 147 Texas Cr. Rep. 636, 183 S.W. 2d 573; Spears v. State, 112 Texas Cr. Rep. 506, 17 S.W. 2d 809.

Proof of ownership of the car which appellant was driving was not essential to the state's case.