Roger Warren **BOLES**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 40446.

Court of Criminal Appeals of Texas.

June 21, 1967.

Frans O. Borup, South Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Robert R. Scott, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

The conviction is under Art. 483, Vernon's Ann.P.C., for unlawfully carrying a prohibited weapon, to-wit: a knife; the punishment, a fine of $100.

Trial was before the court, without a jury, upon appellant's plea of not guilty.

Two grounds of error are urged by appellant in his brief filed in the trial court.

He first contends that evidence pertaining to the knife in question was obtained as the result of his unlawful arrest. He also contends that the evidence is insufficient to sustain his conviction because the weapon found in the automobile was not a knife within the purview of Art. 483, supra, and for the further reason that he was not shown to have been in possession of the weapon.

It was shown by the state's testimony that on the day in question appellant was stopped and arrested by two city policemen while driving an automobile on a public street in the city of Houston. The officers' attention was first directed to the vehicle by the "tires spinning on the pavement; squealing tires * * *" and by observing the vehicle "Speeding West on Southmore." After stopping the vehicle, the officers could see the handle of a bayonet "On the floorboard, on the driver's side, leaning against the middle console." The bayonet was described as "of the type fitted on the end of a rifle" and with a blade which measured seventeen inches long. When the car was stopped appellant was sitting in the driver's seat and a passenger by the name of Hooks was seated in the back. Two other passengers, one by the name of Graves, were in the automobile.

Testifying in his own behalf, appellant admitted that he was the driver of the car but stated that the vehicle belonged to Hooks. Appellant swore that he did not own the bayonet and that it belonged to Hooks. On direct examination appellant testified that he did not know the bayonet was in the car, but on cross-examination he stated that it was under the seat.

■ We need not pass upon the legality of appellant's arrest, in view of his admission that the bayonet was in the car under the seat. Vogt v. State, 159 Tex.Cr.R. 211, 258 S.W.2d 795; Bernard v. State, 172 Tex. Cr.R. 52, 354 S.W.2d 157.

■ We do not agree that the bayonet in question with a blade seventeen inches long is not a knife within the purview of Art. 483, supra.

Webster's New International Dictionary, Third Edition, contains the following definition:

"Knife bayonet. A bayonet with considerable breadth of blade and a handle that enables it to be used as a knife, dagger, or entrenching tool."

The word "knife" has been held to be a generic term and includes a razor used by an accused in committing an assault. Terrell v. State, Tex.Cr.App., 400 S.W.2d 566. Such term would include a bayonet of the type shown herein.

Under the facts, the trial judge was authorized to conclude that appellant was carrying the knife which was lying on the floorboard underneath his feet.

The majority opinion in Summerville v. State, 164 Tex.Cr.R. 591, 301 S.W.2d 913, is not here controlling, because in that case the weapon was in the glove compartment of the automobile, driven by the accused, in which there were other occupants.

The judgment is affirmed.