**Herbert Lee LEWIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41885.**

Court of Criminal Appeals of Texas.

Feb. 26, 1969.

Otis Scruggs, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Gene Miles, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

The offense is unlawfully carrying a pistol, a violation of Article 483, Vernon's Ann.P.C.; the punishment, assessed by the jury, 1 month in the county jail.

In his first three grounds of error appellant challenges the sufficiency of the evidence to sustain the conviction.

The record reflects that on the evening of August 14, 1967, at approximately 10:35 p. m. Officer R. O. Autrey of the Houston Police Department, on patrol alone, received in rapid succession a report of a robbery and then a shooting from the police dispatcher. Approximately five minutes later and within one block of the reported robbery, and three blocks of the reported shooting, Officer Autrey observed appellant and another man "slumped down" in a parked car without lights on a dark street. The two men fit the description given by the police dispatcher. Upon inquiry he learned the two men lived in another section of the city, but further inquiry caused the men to become belligerent and to curse, refusing to answer questions. At such time Officer Autrey observed a conversation between the two men which he could not hear and then noticed appellant lean forward and move his arm. Fearing for his personal safety he ordered the men out of the car. When the dome light of the car came on he observed a pistol lying on the floor between appellant's feet in the area where he had earlier observed appellant's movement.

Subsequently he determined that appellant was intoxicated.

Willie Cruse, called by the State, related that he was the driver of the car at the time of appellant's arrest. He identified State's

**352**

Exhibit No. 1 as the pistol found by the officer, denied ownership thereof, and testified that the pistol was not in his car at the time he left home earlier in the evening.

The State also introduced the Suspicious Persons Ordinance of the City of Houston.

Appellant did not testify or offer any evidence in his behalf.

 Viewing the evidence in the light most favorable to the jury's verdict, we find it sufficient to sustain the verdict. The facts here clearly distinguish this case from Summerville v. State, 164 Tex.Cr.R. 591, 301 S.W.2d 913, upon which appellant relies, as well as Jones v. State, Tex.Cr. App., 371 S.W.2d 883. Cf. Courtney v. State, Tex.Cr.App., 424 S.W.2d 440. See also 38 Tex.Dig., Weapons, ⊕17(4) (1960).

Grounds of error # 1, # 2, and # 3 are overruled.

 Lastly, appellant complains that the pistol introduced in evidence was obtained by an unlawful search and seizure. As we read the record, the pistol was not discovered as a result of a search. It is well established law that an officer may seize what he sees in plain sight or open view if he is lawfully where he is. Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726; United States v. Lee, 274 U.S. 559, 47 S.Ct. 746, 71 L.Ed. 1202; Abel v. United States, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668; 51 Tex.Jur.2d, Searches and Seizures, p. 685, § 15; Le-Blanc v. State, Tex.Cr.App., 424 S.W.2d 434 and cases there cited.

 If the pistol was obtained as a result of search, its introduction into evidence was not error since the facts are sufficient to have justified appellant's arrest and the search incident thereto under the aforementioned Suspicious Persons Ordinance enacted pursuant to Article 14.-

03, Vernon's Ann.C.C.P., 1965.[1] Chambler v. State, Tex.Cr.App., 416 S.W.2d 826, 827. Cf. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889.

Under such circumstances, we need not belabor the question of whether the record also supports a search incident to a lawful arrest for being drunk in a public place.

Ground of error # 4 is overruled.

The judgment is affirmed.

---

1. It is interesting to observe that the 1967 amendment to Article 14.03, V.A.C.C.P. (Acts 1967, 60th Leg., p. 1735, ch. 659, Sec. 9) which considerably broadens the authority of all peace officers to arrest without warrant, became effective (August 28, 1967) two weeks after the arrest in the case at bar.