**Alfred CURRY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43585.**

Court of Criminal Appeals of Texas.

April 7, 1971.

W. C. Wiebusch, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Tom Henderson, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of unlawfully carrying a pistol, a violation of Article 483 Vernon's Ann.P.C.; the punishment was assessed by the court at a fine of $100.00.

The sufficiency of the evidence is the sole ground of error urged by appellant.

The record reflects that at approximately 8:15 P. M., on the 2d day of October, 1969, Officer W. M. Jones, a radio patrolman with the Houston Police Department, and his partner, came upon a parked vehicle "blocking a moving lane of traffic" in the 1600 block of West Dallas, in Houston;

that the appellant was the driver of the vehicle and there were five other occupants therein. Officer Jones testified that appellant was told "to move on two or three times." When asked how he told appellant to move on, he stated: "It was at night, and we blinked our lights two or three times and used our P.A. system, and we told him to move on and which he refused or didn't move on."

Officer Jones further testified that he and his partner approached the vehicle on foot. While his partner was issuing a citation to the appellant for "blocking a moving lane of traffic," Officer Jones was on the right side of the vehicle; that he looked inside, and " * * * saw the barrel of a pistol from under the front seat of the right-hand side; it was on the floor board," and that appellant, as the driver, " * * * could have reached it."

Appellant, pointing out that there were other occupants of the car, relies upon Jones v. State, Tex.Cr.App., 371 S.W.2d 883, and Summerville v. State, 164 Tex.Cr. R. 591, 301 S.W.2d 913, for reversal.

In Jones v. State, supra, the pistol was found outside the car that Jones was driving. There were five other occupants of the car and this court held that there was no showing that Jones possessed the pistol, exercised any control over it or that he was the owner of the car. In Summerville, the pistol was found in the glove compartment of the car that Summerville was driving. There were three or four other occupants of the car and this court held that there was no showing that Summerville had possession or control of the pistol or that he owned the car.

In the case at bar, appellant was shown to be the driver of the car. The pistol was in open view, on the floor board of the car and within reach of appellant.

Under these facts, we hold that the evidence was sufficient for the trial judge to conclude that appellant was carrying on or about his person a pistol. See Lewis v. State, Tex.Cr.App., 439 S.W.2d 351; Courtney v. State, Tex.Cr.App., 424 S.W.2d 440.

To the extent that Jones v. State, supra, and Summerville v. State, supra, are in conflict with our holding herein, they are overruled.

Finding no reversible error, the judgment is affirmed.

MORRISON, Judge (concurring).

A review of this record convinces me that the pistol in the case at bar could have been visible to the appellant. For that reason, I concur in the affirmance and for that reason Jones v. State, supra, and Summerville v. State, supra, are distinguishable and need not be overruled.

ONION, P. J., joins in the concurrence.