FERNANDEZ V. STATE 







NO. 10-88-016-CR

IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

Â Â Â Â Â Â Â Â Â Â CARLOS FERNANDEZ,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â Â Â Â Â Â v.

Â Â Â Â Â Â Â Â Â Â STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee

* * * * * * * * * * * * *

 From the 278th Judicial District Court
Madison County, Texas
Trial Court # 8261

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
Â Â Â Â Â Â Â Â Â Â Appellant was indicted for the offense of carrying a deadly weapon while confined in a
penal institution. See Act approved April 25, 1985, 69th Leg., R.S., ch. 46, Â§ 1, 1985 Tex. Gen.
Laws 436, amended by Act approved June 18, 1987, 70th Leg., R.S., ch. 714, Â§ 1, 1987 Tex.
Gen. Laws 2589 (current version at Tex. Penal Code Ann. Â§ 46.11 (Vernon 1989)). He was
found guilty by a jury and the court assessed punishment at ten years in prison. We will reverse.
Â Â Â Â Â Â Â Â Â Â In Appellant's first point of error he complains that there was insufficient evidence to
support the jury's finding of guilt. In order to reach a guilty verdict the jury must have found that
Appellant carried a deadly weapon on or about his person. The statute under which Appellant was
charged provided that "A person commits an offense if, while confined in a penal institution, he
intentionally, knowingly, or recklessly carries on or about his person a deadly weapon." See Act
approved April 25, 1985, 69th Leg., R.S., ch. 46, Â§ 1, 1985 Tex. Gen. Laws 436.


 Thus, the
State was required to prove that Appellant "carried on or about his person a deadly weapon." 
Â Â Â Â Â Â Â Â Â Â It is inherent that carrying a weapon on or about the person includes an element of
asportation. Christian v. State, 686 S.W.2d 930, 933 (Tex.Crim.App. 1985). Additionally, to
carry a weapon on or about the person means that it must be convenient in access, and within such
a distance that the party could retrieve the weapon without materially changing his position. 
Spears v. State, 17 S.W.2d 809, 810 (Tex.Crim.App. 1929).
Â Â Â Â Â Â Â Â Â Â When we review a sufficiency of the evidence point we must "determine whether `after
viewing the evidence in the light most favorable to the prosecution . . . any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt.'" See Butler v.
State, 769 S.W.2d 234, 239 (Tex.Crim.App. 1989). We find the record to be void of evidence
regarding the "carrying" element of the offense charged. Here, the alleged deadly weapon was
a sharpened metal shaft known as a "shank" which was located on a shelf in a sealed paper
envelope. The evidence does not indicate that the "shank" was in Appellant's immediate personal
possession and convenient in access, and within such a distance that he could retrieve the weapon
without materially changing his position. Therefore, we cannot say, even when viewing the
evidence in the light most favorable to the prosecution, that any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. 
Â Â Â Â Â Â Â Â Â Â This cause is reversed and remanded to the trial court with instructions to enter a judgment
of acquittal.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â BOBBY L. CUMMINGS
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Before Chief Justice Thomas,
Â Â Â Â Â Â Â Â Â Â Justice Cummings and
Â Â Â Â Â Â Â Â Â Â Justice Vance
Reversed and remanded with instructions
Opinion filed and delivered July 11, 1991
Do Not Publish



t 225.0pt 247.5pt 3.75in 292.5pt 315.0pt 337.5pt 5.0in 382.5pt 405.0pt 427.5pt 6.25in'>Chief Justice

Before Chief Justice Gray,

   Justice
Vance, and

Â Â Â Â Â  Justice
Reyna

Petition denied

Memorandum opinion delivered and filed May 4, 2005

[CV06]