IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-499-CR





ERNEST DOUGLAS QUANDER,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY



NO. 362,622, HONORABLE WILFRED AGUILAR, JUDGE



 



 

PER CURIAM

 The court found appellant guilty of carrying an illegal knife and assessed
punishment at incarceration for 270 days. Tex. Penal Code Ann. § 46.02 (West 1989). In his
only point of error, appellant challenges the legal sufficiency of the evidence.

 Appellant was stopped by Austin police officer Dave Erskine because he was
driving a car with an expired inspection sticker. In the car with appellant were Lillie Middleton
in the front passenger seat and Rayfield Middleton in the back seat. Appellant got out of the car
to talk to the officer. When he did, the officer saw a knife with an eight-inch blade on the floor
of the car between the driver's seat and the door. As located, the knife was easily within the
reach of the driver. A plastic bag containing what proved to be a simulated controlled substance was on the floor beside the knife. A bag of crack cocaine was found on the back seat,
near Rayfield Middleton.

 Lillie Middleton told Erskine and the backup officer that the car belonged to
someone else and they had borrowed it to move their belongings. Appellant told the officers the
same thing, also indicating that the knife belonged to the car owner. Erskine and the backup
officer testified that they saw no evidence that the occupants of the car were moving.

 At trial, Lillie Middleton testified that she and appellant lived with the owner of
the car, Susan Baker, and regularly used Baker's vehicle. In her trial testimony, Lillie Middleton
admitted owning the knife, saying she had used it in an attempt to remove an audio cassette that
was stuck in the car's cassette player. Appellant testified that he did not know the knife was in
the car. Baker confirmed that appellant and Lillie Middleton regularly used her car. She testified
that she was unaware of any malfunction of the cassette player.

 Drawing on cases dealing with possession of controlled substances, appellant
asserts that there is no evidence affirmatively linking him to the knife. Appellant's reliance on
drug cases is misplaced, however. Any suggestion that "affirmative link" analysis should be
employed in a prosecution for unlawfully carrying a weapon has been expressly disavowed by the
Court of Criminal Appeals. Christian v. State, 686 S.W.2d 930, 932 n.3 (Tex. Crim. App.
1985).

 We believe this cause is controlled by Curry v. State, 465 S.W.2d 154 (Tex. Crim.
App. 1971). In Curry, the defendant was the driver of a vehicle in which there were five other
occupants. A pistol was found on the floor, under the front seat on the right side, within reach
of the driver. The court found this evidence sufficient to sustain the defendant's conviction for
unlawfully carrying the pistol.

 Appellant tries to distinguish Curry, noting that there was no evidence in that case
that the vehicle belonged to someone else. We find this distinction to be unimportant under the
circumstances, since the owner of the car driven by appellant testified that she did not know that
the knife was in her car. Nor is it significant that there was testimony that the knife did not
belong to appellant. A person can carry an unlawful weapon that belongs to someone else. See
Christian, 686 S.W.2d at 932-33.

 It was for the court, as trier of fact, to determine the credibility of the witnesses. 
The court stated that it did not believe the defensive testimony. The State's evidence is sufficient
to sustain the finding that appellant intentionally, knowingly, or recklessly carried on or about his
person an illegal knife. Jackson v. Virginia, 443 U.S. 307 (1979); Griffin v. State, 614 S.W.2d
155 (Tex. Crim. App. 1981). The point of error is overruled.

 The judgment of conviction is affirmed.


[Before Chief Justice Carroll, Justices Jones and Kidd]

Affirmed

Filed: September 23, 1992

[Do Not Publish]