NO. 07-00-0196-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 24, 2001

______________________________

RONALD LYNN JONES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 263
RD
 DISTRICT COURT OF HARRIS COUNTY;

NO. 819448; HONORABLE JIM WALLACE, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Ronald Lynn Jones appeals from his conviction for being a felon in possession of a firearm and his sentence of incarceration for 40 years.  By three issues he urges that (1) he received ineffective assistance of counsel at both guilt-innocence and punishment stages of trial; (2) the non-accomplice evidence was insufficient for conviction; and (3) the trial court erred in failing to give, 
sua sponte,
 an accomplice witness instruction to the jury as “law applicable to the case.”  We affirm.

BACKGROUND

On July 27, 1999, appellant was driving a 1966 Mazda automobile owned by his brother when he ran a red light and was stopped by Houston police officer Kenneth Flowers.  Inside the Mazda automobile, in addition to appellant, were his seventeen-year old friend, Michelle Mitchell, a loaded 9 mm pistol, some crack cocaine and a Crown Royal bag with money in it.  Mitchell was in the right passenger seat, the pistol was under the driver’s seat where appellant had been sitting, and the bag of money was in the glove compartment.  Officer Flowers took appellant to Flowers’ police patrol unit and returned to the Mazda to question Mitchell.  She gave Flowers the crack cocaine which she stated appellant had given to her to hide whenever Flowers had stopped the Mazda.  She also told Flowers that there was a gun in the Mazda.  Flowers moved Mitchell to a second police vehicle which had arrived on the scene, returned to the Mazda and searched it.  During the search he discovered the pistol and the bag of money.  He also found an empty Crown Royal bag in the vehicle.

Houston police department narcotics officer Jason Leal arrived on the scene to assist Flowers.  Leal questioned Mitchell and appellant.  Appellant told Leal that appellant knew the pistol was in the vehicle, but appellant did not claim to own or have been in possession of the gun.  Upon investigating appellant’s background, Leal found that appellant had been convicted for possession of a controlled substance in December, 1990, had been sentenced to confinement for seven years in the Texas Department of Corrections, and had been paroled on February 19, 1991.

As a result of the incident in July, 1999, appellant was indicted for being a felon in possession of a firearm, enhanced by felony convictions in 1987 and 1992.  Mitchell pled guilty to a charge in connection with the cocaine, and was granted deferred adjudication.  She was on probation at the time of appellant’s trial.     

Flowers, Leal and Mitchell testified at appellant’s trial.  At trial Mitchell testified that appellant brought the pistol out of his mother’s house and placed it under the seat of the Mazda.  That testimony was contradicted by appellant’s lifelong friend Randall Hutchinson
(footnote: 1) who testified that the pistol belonged to him; he had purchased it on the street for $50 from an acquaintance named “Red”; he did not know it was stolen; it was not registered in his name; he had left it in the Mazda after borrowing and driving the car; and when he left the pistol under the driver’s seat, it was in a Crown Royal bag.  The jury found appellant guilty and assessed punishment at confinement for 40 years.  

By three issues appellant challenges the (1) effectiveness of his counsel at both guilt and punishment stages of trial; (2) sufficiency of testimony for conviction, when the testimony of Mitchell is disregarded as it must be because she was an accomplice witness; and (3) failure of the trial court to give an accomplice witness instruction to the jury 
sua
 
sponte
 as “law applicable to the case” when trial counsel failed to either request such an instruction or object to the charge because it did not contain such an instruction.  We will address the issues in the order presented by appellant’s brief.

INEFFECTIVE ASSISTANCE OF COUNSEL

Appellant’s first issue claims that he received ineffective assistance of counsel.  He claims that counsel was ineffective during the guilt-innocence stage of trial for failing to request that the jury be given an accomplice witness instruction because the evidence proved Mitchell to be an accomplice witness as a matter of law, or in the alternative, raised a fact issue such that the jury was required to determine whether she was an accomplice in evaluating her testimony.  The issue also asserts that appellant’s counsel rendered ineffective assistance during the punishment phase of trial by failing to object to part of the State’s final argument which impliedly advised the jury how parole laws functioned. 

When confronted with an ineffective assistance of counsel claim, we apply the two-pronged analysis set forth by the United States Supreme Court in 
Strickland v. Washington
, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  
See
 
Hernandez v. State
, 726 S.W.2d 53, 57 (Tex.Crim.App.1986).
(footnote: 2)  Under the first prong of the 
Strickland
 test, an appellant must show that counsel's performance was "deficient."  
Strickland
, 466 U.S. at 687.  This requires showing that counsel made errors so serious that counsel was not functioning as the “counsel” guaranteed the defendant by the Sixth Amendment.  
Id
.  To be successful in this regard, an appellant must show that counsel's representation fell below an objective standard of reasonableness.   
Id
. at 688.  Under the second prong, an appellant must show that the deficient performance prejudiced the defense.  
Id
. at 687.  The appropriate standard for judging prejudice requires an appellant to show that there is “a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  
Id
. at 694.  Appellant must prove both prongs of 
Strickland
 by a preponderance of the evidence in order to prevail. 
 
Tong v. State
, 25 S.W.3d 707, 712 (Tex.Crim.App. 2000); 
McFarland v. State
, 845 S.W.2d 824, 842 (Tex.Crim.App.1992).  
The standard for determining whether a defendant received effective assistance of counsel in the punishment
 stage of trial 
is the same standard as at guilt-innocence
.  
Hernandez v. State
, 988 S.W.2d 770, 771 (Tex.Crim.App. 1999).   
 

A.  Guilt-innocence stage of trial 

Appellant first urges that his counsel should have requested that the jury be given an accomplice witness instruction.  He bases the claim on his assertion that the evidence showed Mitchell to have been an accomplice witness as a matter of law, or at least raised a fact question as to her accomplice status.  Appellant cites authority for and acknowledges that several factual scenarios do not make a person an accomplice:  (1) if the witness cannot be prosecuted for the offense with which the accused is charged, (2) mere presence of the witness at the scene, and (3) knowledge of a crime and failure to disclose the crime by the witness.  He then argues that Mitchell was caught with cocaine and pled guilty to a charge involving cocaine, thus “it was clear” that she was an accomplice.  Appellant cites no statutory or case authority to support his assertion.  

He also posits that Mitchell’s close proximity to the gun and its small size made her subject to being charged with possession of it, and that the gun could have belonged to Mitchell or could have been possessed jointly by appellant and Mitchell.  He again cites no authority to support his assertion.  Appellant then, again without citation of authority, or explanation, asserts that there was evidence that the possession of the drugs and firearm was “indicative of a common understanding or act.”  

The State responds succinctly: Mitchell was not an accomplice witness and no evidence existed which would have warranted an accomplice witness instruction to the jury.  The State cites 
McFarland v. State
, 928 S.W.2d 482, 514 (Tex.Crim.App. 1996), and 
Blake v. State
, 971 S.W.2d 451, 454-55 (Tex.Crim.App. 1998), to support its position that neither Mitchell’s presence, knowledge of the firearm, guilty plea in connection with the cocaine nor other evidence warranted an accomplice witness jury instruction or a finding that Mitchell was an accomplice to appellant’s possession of the firearm as a convicted felon.

   Appellant was charged with possession of a firearm, not a controlled substance.  Although appellant does not clearly articulate a crime with which Mitchell could have been charged in connection with the firearm, the State addresses the questions of whether Mitchell could have been charged as a party to the crime of which appellant was accused, 
see
 
Tex. Penal Code Ann
. § 7.02 (Vernon 1994) (hereafter “Penal Code”), and a possible lesser-included offense of unlawfully carrying a weapon.  
See
 Tex. Penal Code Ann. § 46.02 (Vernon Supp. 2001).  

The evidence shows that the firearm was not connected to Mitchell except by its presence in an automobile in which she was riding.  Neither Mitchell’s testimony nor Hutchinson’s testimony connected Mitchell with the firearm in any manner other than showing that she knew of its presence.  No evidence showed that she knew that appellant was a felon or was not licensed to possess the firearm.  Mitchell’s possession of the cocaine and the evidence as to how she came to be in possession of it does not constitute evidence connecting her to the firearm, and is a different crime from that with which appellant was charged.  
See
  
McFarland
, 928 S.W.2d at 514.  The vehicle was owned by appellant’s brother and was being driven by and under the control of appellant.  The firearm was under the driver’s seat.  
See
 
Payne v. State
, 480 S.W.2d 732, 734 (Tex.Crim.App. 1972); 
Curry v. State
, 465 S.W.2d 154, 155 (Tex.Crim.App. 1971).  

We conclude that Mitchell was not an accomplice witness.  
See
 
McFarland
, 928 S.W.2d at 514;  
Blake
, 971 S.W.2d at 454.
(footnote: 3)  Submission of an accomplice witness instruction would not have been required, or appropriate, even if requested by appellant’s trial counsel, because an accomplice witness instruction would not have instructed the jury as to “law applicable” to appellant’s case and would have been immaterial.  The jury should not be charged on immaterial matters.  
See
 
Peddicord v. State
, 942 S.W.2d 100, 110 (Tex. App.--Amarillo 1997, no pet.).  Failure to request an accomplice witness instruction was not ineffective assistance of counsel when the trial court would not have erred by refusing such a request.  
See
 
Vaughn v. State
, 931 S.W.2d 564, 566 (Tex.Crim.App. 1996) 
(t
o successfully present an argument that counsel was ineffective because of a failure to object to State’s questioning and argument, appellant must show that the trial court would have committed error in overruling such objection).
   
Autry v. State
, 27 S.W.3d 177, 181-82 (Tex.App.–San Antonio 2000, pet. ref’d). 

B.  Punishment stage of trial

 As to the claim of ineffective assistance of counsel during the punishment stage of trial, appellant argues that his counsel should have objected when the State’s attorney improperly argued appellant’s prior offenses and convictions by date, so that the jury’s attention was, in effect, improperly directed to how parole laws operate.  Appellant relies on 
Clark v. State
, 643 S.W.2d 723 (Tex.Crim.App. 1982), and similar cases which hold that it is improper for the State to structure its final summation so as to attract the jury’s attention to the fact that a defendant did not serve the complete sentence from a conviction, and thereby imply to the jury that a sentence should be longer to assure that a defendant was not paroled after serving only a short period of time.  Appellant also urges, without citation to the record, that the argument was improper because appellant’s prison records were admitted solely for the purpose of identification and to show his prior record.  The State responds that its argument was a proper summation of the evidence and plea for law enforcement.  The State also questions the validity of authorities cited by appellant because they pre-date amendments to the Texas Constitution and statutory law which resulted in juries being instructed as to parole law.   

To be proper, jury argument must encompass a (1) summation of evidence presented at trial; (2) reasonable deductions drawn from evidence presented at trial; (3)  answers to opposing counsel’s argument; or (4) plea for law enforcement.  
Lagrone v. State
, 942 S.W.2d 602, 619 (Tex.Crim.App. 1997)
.  To determine whether jury argument properly falls within one of these categories, we must consider the argument in light of the record as a whole.  
Wilson v. State
, 938 S.W.2d 57, 59, 61-2 (Tex.Crim.App. 1996).  To constitute reversible error, the argument must be extreme or manifestly improper, violative of a mandatory statute, or have injected new facts, harmful to the accused, into the trial proceedings.  
Id
.  The argument must be considered within the context in which it appears.  
Gaddis v. State
, 753 S.W.2d 396, 398 (Tex.Crim.App. 1988).  To successfully present a claim that counsel was ineffective because of a failure to object to the State’s questioning and argument, appellant must show that the trial court would have committed error in overruling such objection.  
Vaughn
, 931 S.W.2d at 566.  
  

In 1989, the voters of Texas approved an amendment to Article IV, Section 11(a) of the Texas Constitution which authorizes the Legislature to enact laws requiring or permitting courts to inform juries about the effect of good conduct time and eligibility for parole on the period of incarceration served by a defendant convicted of a criminal offense.  The Legislature has done so.  
See
 
Tex. Crim. Proc. Code Ann
. Art. 37.07(4) (Vernon Supp. 2001).  Such an instruction is proper as an instruction on the law applicable to the case.  
See
 
Muhammad v. State
, 830 S.W.2d 953, 956 (Tex.Crim.App. 1992).  And, absent evidence to the contrary, a jury is presumed to have followed the instructions set forth in the court's charge.  
See
 
Hutch v. State
, 922 S.W.2d 166, 172 (Tex.Crim.App. 1996).  

Appellant does not refer us to the record to support his assertion that the prison records were admitted for a limited purpose, and we do not find such a limitation in the record.  The prosecutor’s argument was a summation of evidence admitted without limitation. 
 The summation was likewise a reasonable deduction from the evidence and a plea for law enforcement.  
See
 
Lagrone
, 942 S.W.2d at 619.
 

Furthermore, appellant does not claim that the jury instruction given by the trial court as to parole laws was improper, and that counsel somehow could have prevented the jury from receiving such instruction as to the law.  Indeed, the instruction has been held to be proper as law applicable to the case.   
See
 
Muhammad
, 830 S.W.2d at 956.  
Appellant has not shown that the trial court would have committed error in overruling the objection that the prosecutor was attempting to advise the jury as to how the parole laws operated, when the jury charge itself so advised the jury.  
See
 
Vaughn
, 931 S.W.2d at 566.  We conclude that appellant has not proved that his counsel was ineffective by failing to object to the prosecutor’s argument.

Moreover, the court specifically 
instructed the jury that although the jury charge advised them of the operation and effect of parole law, the jury was not to consider the manner in which the parole law may be applied to appellant, nor to consider the extent to which good time might be awarded to or forfeited by the appellant.  We presume the jury followed the court’s instruction in the absence of evidence otherwise; and appellant points to no such evidence.  
See
 
Hutch
, 922 S.W.2d at 172.  Appellant has not proved a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. 
 
See
 
Stricklan
d, 466 U.S. at 694.  We overrule his first issue.

SUFFICIENCY OF THE EVIDENCE

Appellant’s second issue assumes that Mitchell was an accomplice witness as urged in his first issue.  Assuming her accomplice status, he then claims that no evidence other than the accomplice witness testimony of Mitchell connected him with the firearm to prove that he possessed it. 

The State responds as it did, in part, to appellant’s first issue: Mitchell was not an accomplice witness and no evidence existed which would have factually warranted an accomplice witness instruction to the jury.  The State also cites numerous authorities, including 
Curry
, 465 S.W.2d 154, for the proposition that the evidence was sufficient for conviction even in the absence of Mitchell’s testimony.
(footnote: 4)  

We have previously overruled appellant’s claim that the evidence proved Mitchell to have been an accomplice, either as a matter of law or as a fact question for the jury.  Appellant does not urge that the evidence was insufficient if Mitchell’s testimony is not accomplice witness testimony.  Accordingly, we overrule appellant’s second issue.

FAILURE TO 
SUA SPONTE
 INSTRUCT JURY ON 

ACCOMPLICE WITNESS TESTIMONY 

Appellant’s third issue asserts that the trial court erred in failing, 
sua sponte
, to give a jury instruction on accomplice witness testimony as “law applicable to the case.”  
See
 
Tex. Crim. Proc. Code Ann
. art. 36.14 (Vernon Supp. 2001).   He claims that, at a minimum, evidence raised a fact issue as to whether Mitchell was an accomplice witness.

    As noted above, appellant has demonstrated neither that evidence proved Mitchell to be an accomplice as a matter of law, nor that evidence raised a fact question about her  being an accomplice.  An accomplice witness instruction, therefore, would not have instructed the jury as to “law applicable” to appellant’s case, would have been an instruction on an immaterial matter and would have been improper.  
See
 
Peddicord
, 942 S.W.2d at 110.  Accordingly, we need not and do not decide whether the trial court would have been required to give such an instruction 
sua sponte 
if the instruction had been law applicable to the case.  We overrule appellant’s third issue.

CONCLUSION

Having overruled appellant’s three issues, we affirm the judgment of the trial court.

Phil Johnson

    Justice 

Do not publish.

FOOTNOTES
1:
Hutchinson was also a convicted felon at the time of the incident in July, 1999.

2:
Appellant does not separately brief his Texas constitutional claim, nor argue that the Texas Constitution provides more protection to him in this matter than does the United States Constitution.  Under such circumstances, we need not and will not address a state constitution claim separately.  
Johnson v. State
, 853 S.W.2d 527, 533 (Tex.Crim.App. 1992).  

3:
Moreover, appellant has waived the assertion that Mitchell was an accomplice witness by his mere argument that she was an accomplice, without citation to authority for that proposition.  
See
 
 
Lawton v. State
, 913 S.W.2d 542, 558 (Tex.Crim.App. 1995)
.  

4:
Apart from Mitchell’s testimony the facts provided affirmative links between appellant and the firearm:  the Mazda was appellant’s brother’s car; appellant was in control of and driving the car; appellant was sitting in the driver’s seat under which the firearm was located.  
See
 
Curry
, 465 S.W.2d at 155.